**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **I.L., J.L., K.L.-1, R.L., and K.L.-2**

**No. 18-0234** (Kanawha County 16-JA-137, 139, 140, 141, and 17-JA-181)

# MEMORANDUM DECISION

Petitioner Mother M.B., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's February 1, 2018, order terminating her parental rights to I.L., J.L., K.L.-1, R.L., and K.L.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Matthew Smith, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an additional improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 18, 2016, the DHHR filed a petition alleging that petitioner abused and neglected her children by engaging in domestic violence in the children's presence, medical neglect, substance abuse, homelessness, and an overall inability to provide the children with a stable environment. Specifically, the petition alleged that petitioner refused to give one of the children medication for his biotinidase deficiency, sold food stamps for illegal substances, used methamphetamine, left drug paraphernalia within the children's reach, failed to take the children to medical appointments, and checked one of the children out of the hospital against medical advice.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, they will be referred to as K.L.-1 and K.L.-2, respectively, throughout this memorandum decision.

[2]Petitioner does not raise a specific assignment of error regarding the termination of her parental rights.

1

On April 18, 2016, the circuit court held a preliminary hearing at which the circuit court ordered that petitioner receive services and comply with parenting, adult life skills, and anger management classes. Additionally, the circuit court ordered that petitioner submit to a random drug screen following the hearing as a prerequisite for visiting the children. On May 20, 2016, petitioner waived her right to a preliminary hearing. The circuit court ordered petitioner to participate in a parental fitness evaluation and other services.

On July 28, 2016, the circuit court held an adjudicatory hearing. Petitioner stipulated to the allegations of abuse and neglect. She was adjudicated as an abusing parent and granted a post-adjudicatory improvement period. On October 6, 2016, the circuit court held a review hearing. The circuit court ordered that petitioner's post-adjudicatory improvement period continue. Additionally, petitioner informed the circuit court that she was pregnant. On December 7, 2016, the circuit court held a review hearing at which the DHHR moved to set petitioner's case for disposition because she was not complying with the terms and conditions of her post-adjudicatory improvement period. The circuit court granted the DHHR's motion.

On April 13, 2017, an amended petition was filed alleging that petitioner's fifth child, K.L.-2, was born addicted to substances and tested positive for amphetamine and methamphetamine at birth. The circuit court held a preliminary hearing regarding the amended petition and heard testimony presented by the DHHR related to the child's medical issues at birth. Following the testimony, the circuit court suspended all services and visitation for petitioner. On June 2, 2017, petitioner was adjudicated as an abusing parent with regard to K.L.-2. Further, the circuit court denied her request to continue services.

On January 18, 2018, the circuit court held a dispositional hearing. Petitioner moved to continue the dispositional hearing and requested a post-dispositional improvement period, which the circuit court denied. The DHHR presented evidence that petitioner failed to comply with random drug screens and services. Petitioner admitted to abusing substances during her pregnancy with K.L.-2 and also testified that she began substance abuse treatment in November of 2017 in Ohio. The circuit court found that petitioner was given an improvement period but "failed miserably" and "lack[ed] the motivation." Additionally, the circuit court noted that petitioner gave birth to a "drug-addicted baby," despite being ordered to stop using substances during her pregnancy. The circuit court found that petitioner failed to follow through with "rehabilitative services, the efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse and neglect of the . . . [c]hildren as evidenced by the continuations of conditions which threaten the health, welfare or lives of the . . . [c]hildren." The circuit court further found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of her parental rights was in the children's best interests. Ultimately, the circuit court terminated petitioner's parental rights in its February 1, 2018, order.[3] It is from this order that petitioner appeals.

---

[3]The father's parental rights were also terminated. According to the respondents, I.L. and J.L. are placed in the same foster home and the permanency plan for them is adoption in that home. R.L., K.L.-1, and K.L.-2 are placed together in the same foster home, and the permanency plan for them is adoption in that home.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in denying her an additional improvement period at disposition. In support, she argues that she has made "recent accomplishments" by maintaining a residence and employment and participating in substance abuse treatment. While it may be true that petitioner took steps to address the issues of abuse and neglect following disposition, this Court cannot consider these alleged improvements because there is no evidentiary support for said improvements in the record. During the proceedings below, petitioner failed to meet the requisite burden to receive an additional improvement period. Although petitioner testified to submitting to substance abuse treatment just prior to the dispositional hearing, the record overwhelmingly shows that she failed to comply with the services offered.

Pursuant to West Virginia Code § 49-4-610(3)(D), a circuit court may grant a parent an improvement period at disposition if, "the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period . . . ." Additionally, "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015).

Here, petitioner was previously granted a post-adjudicatory improvement period. While she argues that she should have been granted more time to show that she could fully comply with services, petitioner failed to comply with services for the majority of the proceedings below and failed to show that she experienced a substantial change in circumstances prior to the dispositional hearing. Petitioner failed to comply with parenting classes, drug screens, and other services. Further, after the circuit court ordered petitioner to stop abusing substances during her pregnancy, she continued to abuse substances, resulting in K.L.-2 being born with amphetamine and methamphetamine in her system. It was not until several months after K.L.-2's birth and

after the circuit court suspended services that petitioner sought treatment for her substance abuse addiction. At the dispositional hearing, the circuit court noted that petitioner lacked the motivation to improve the conditions of abuse and neglect and failed to comply with the services that were offered to her to address those issues. Ultimately, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was in the children's best interests pursuant to West Virginia Code § 49-4-604(b)(6). Based on this evidence, petitioner did not meet the requisite burden to receive an additional improvement period at disposition. As such, we find no error in the circuit court's denial of the same.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 1, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice Tim Armstead

Justice Allen H. Loughry II, suspended and therefore not participating